UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Rosa Olvera,<br><br>         Plaintiff(s),<br><br>vs.<br><br>American Honda Finance Corporation, *et al.*,<br><br>         Defendant(s). | 2:24-cv-00186-MMD-MDC<br><br>**Order** |

Pending before the Court is plaintiff Rosa Olvera's application to proceed *in forma pauperis* ("IFP"). ECF No. 4. The court denies her IFP application.

## DISCUSSION

### I.     Legal Standard

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district

court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

      The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. *See e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

**II.      Analysis**

      Plaintiff previously completed a short-form IFP but left a majority of the application blank. ECF No. 1. The Court denied her application and ordered her to complete the long-form IFP application. ECF No. 3. The Court warned plaintiff that she could not leave any questions blank. *Id.* Plaintiff filed a new IFP application (ECF No. 4), but her new application is also deficient.  To begin, Plaintiff answered all questions with either "$0" or "N/A".

Additionally, plaintiff's application contains discrepancies. For example, a public records search shows that plaintiff current owns, and has registered in her name, a Honda CR-V. However, plaintiff failed to disclose the vehicle in her IFP application. ECF No. 4 at 3. In addition, plaintiff failed to disclose information regarding her real estate property, which matches the address on record. *Id.* Plaintiff makes no mention of her utility payments, which is apparently inconsistent with the public records showing that plaintiff has residential property in her name.

Given that plaintiff failed to disclose her complete financial information, the Court finds it cannot make a decision on her IFP status at this time. The Court will give plaintiff the benefit of the doubt and allow her one **final** chance to complete a long-form IFP application. Plaintiff must disclose all financial information. If plaintiff no longer owns the vehicle or the house, she must state so in the application, with an explanation as to the discrepancies.

ACCORDINGLY,

**IT IS ORDERED** that Plaintiff must complete a new long-form IFP application or pay the fulfilling fee for filing a civil action by **Monday, April 15, 2024** Failure to comply may result in a recommendation that the case be dismissed.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR

IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 15$^h$ day of March 2024.

IT IS SO ORDERED.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge